UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2005 SEP -7 A 11: 53
U.S. BANKRUPTCY COURT
E.D. MI

In re:

KAMELLA D. ASH'SHADI,

              Debtors.

_____/

Case No. 04-55924
Chapter 13
Hon. Marci B. McIvor

## OPINION DENYING TRUSTEE'S OBJECTIONS TO FIRST APPLICATION FOR APPROVAL OF PAYMENT OF POST-CONFIRMATION ATTORNEY FEES

This matter came before the Court on the Trustee's Objections to Debtors' Counsel's First Application for Approval of Payment of Post-Confirmation Attorney Fees. Specifically, the Trustee objects to the time entry dated June 28, 2005, billing 3.0 hours/$202.16 for "Preparation of Fee Application" because that charge is unreasonable and excessive under 11 U.S.C. § 330 and because that charge exceeds 5% of the net fees requested in Counsel's fee application. Having fully reviewed the file, the Application, and the Objections thereto, the Court denies the Trustee's objection and awards Debtor post confirmation attorney fees in the amount of $3,614.16 and costs in the amount of $631.26, for a total post- confirmation award of $4,245.42.

### Facts

Debtor Kamella D. Ash'shadi filed a Chapter 13 bankruptcy petition on June 3, 2004. A chapter 13 Plan was subsequently proposed and, on September 3, 2004, the

plan was confirmed. On June 30, 2005, Counsel filed a First Application for Approval of Payment of Post-Confirmation Attorney Fees. The Application seeks attorney fees in the amount of $3,614.16 and costs in the amount of $631.26, for a total of $5,645.42. On July 13, 2005, the Trustee filed Objections to the Fee Application. A hearing on the Fee Application was held on September 1, 2005.

## Analysis

### A. Jurisdiction

This is a core proceeding under 28 U.S.C. § 28 U.S.C. 157(b)(2)(A), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

### B. Standard for Awarding Fees

In the Sixth Circuit, the lodestar method is used for calculating fees. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.* Bankruptcy Code § 330(a) codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.

2

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

> (i) unnecessary duplication of services; or
>
> (ii) services that were not --
>
>> (I) reasonably likely to benefit the debtor's estate; or
>>
>> (II) necessary to the administration of the case.

\*   \*   \*

A bankruptcy court has broad discretion in determining fee awards. *Manf. Nat'l Bank v. Auto Specialities Mfg. Co. (In re Auto Specialities Mfg. Co.)*, 18 F.3d 358 (6th Cir. 1994).

3

C. <u>Fees Related to Preparation of Fee Application</u>

The Trustee objects to fees requested relating to the preparation of the fee application because that charge is unreasonable and excessive under 11 U.S.C. § 330 and because that charge exceeds 5% of the net fees requested in Counsel's fee application. (Objection ¶ 1). "Absent exceptional circumstances, fees for the preparation of fee applications should be limited to 5% of the total fees requested." *In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998).

In this case, the objectionable time entry, dated June 28, 2005, requested a total fee of $202.16 for preparation of the fee application.[1] Excluding the fees billed for the preparation of the fee application, the total fees incurred were $3,412.00. Five-percent of $3,412.00 is $170.60. In this case, Counsel billed $202.16 for the preparation of his fee application, or $31.00 more than the 5% generally allowed in the *Bass* case. Because the application substantially complies with *Bass*, the Court declines to reduce the fees related to preparation of the fee application.

## Conclusion

For the reasons stated above, the Trustee's Objections to Debtors' Counsel's First Application for Approval of Payment of Post-Confirmation Attorney Fees are

---

[1] The attorney "JLG", whose hourly rate is $200/hour, apparently did not bill for the entire amount of time spent preparing the fee application because 3.0 hours at a rate of $200/hour would have resulted in a $600 charge. Instead, only $202.16 was billed.

4

denied. Debtors' Counsel is awarded post confirmation attorney fees in the amount of $3,614.16 and costs in the amount of $631.26, for a total post confirmation award of $4,245.42.

Marci B. McIvor
United States Bankruptcy Judge

Dated: SEP - 7 2005
Detroit, Michigan

cc: Joseph L. Grima
David Ruskin

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2005 SEP -7 A 11: 53

U.S. BANKRUPTCY COURT
E.D. MICHIGAN - DETROIT

In re:

KAMELLA D. ASH'SHADI,

                Debtors.
_____/

Case No. 04-55924
Chapter 13
Hon. Marci B. McIvor

## OPINION DENYING TRUSTEE'S OBJECTIONS TO FIRST APPLICATION FOR APPROVAL OF PAYMENT OF POST-CONFIRMATION ATTORNEY FEES

For the reasons set forth in the accompanying Opinion, the Trustee's Objections to Debtors' Counsel's First Application for Approval of Payment of Post-Confirmation Attorney Fees are denied. Debtors' Counsel is awarded post confirmation attorney fees in the amount of $3,614.16 and costs in the amount of $631.26, for a total post confirmation award of $4,245.42.

IT IS SO ORDERED.

_____
Marci B. McIvor
United States Bankruptcy Judge

Dated: **SEP - 7 2005**
Detroit, Michigan

cc: Joseph L. Grima
David Ruskin